**UNITED STATES of America**

v.

**Tyrone D. WILLIAMS, a/k/a Willie Gulley, Tyrone D. Williams, Appellant.**

**No. 10–1400.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Monday, Jan. 24, 2011.

Opinion Filed: March 1, 2011.

Robert L. Eberhardt, Esq., Office of the United States Attorney, Pittsburgh, PA, John J. Valkovci, Jr., Esq., Office of United States Attorney, Johnstown, PA, for United States of America.

William J. McCabe, Esq., Debernardo, Antoniono, McCabe, Davis & Dediana, Greensburg, PA, for Appellant.

Before: McKEE, Chief Judge, SMITH, Circuit Judges, and STEARNS,* District Judge.

## OPINION

McKEE, Chief Judge.

Tyrone Williams appeals the district court's denial of his suppression motion. For the reasons that follow, we will affirm.

Since we write primarily for the parties, we need not set forth the factual history of this case in detail.[1]

---

* Honorable Richard G. Stearns, District Court Judge, United States District Court for the District of Massachusetts, sitting by designation.

1. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review for clear error a district court's factual findings," while conducting "plenary review of legal rulings and mixed

Williams filed a motion to suppress all evidence seized during the multiple searches of the house that resulted in him entering a conditional guilty plea to violating 18 U.S.C. §§ 922(g)(1) and 924(e). The plea was entered after the district court partially denied his motion to suppress physical evidence.

Williams argues that: (1) the district court erred in finding that the first search warrant was supported by probable cause; and (2) the *Leon* "good faith" exception to the exclusionary rule does not apply. *See United States v. Leon*, 468 U.S. 897, 925, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (holding that courts can "reject suppression motions posing no important Fourth Amendment questions by turning immediately to a consideration of the officers' good faith."). However, since the application of *Leon* is determinative, we need not decide if the warrants were supported by probable cause. *See United States v. Williams*, 3 F.3d 69, 73 (3d Cir.1993) (finding that even if an affidavit lacked probable cause, the good faith exception would require reversal of a district court's suppression order).

"Suppression . . . is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority." *Id.* at 74; *accord Leon*, 468 U.S. at 920, 104 S.Ct. 3405. This Court has determined that the exception to the exclusionary rule is appropriate because "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable cause determination." *Williams*, 3 F.3d at 74 (quoting *Leon*, 468 U.S. at 921, 104 S.Ct. 3405).

Nevertheless, the exception does not always apply, even when a search is supported by a search warrant. For example, it does not apply where an affidavit in support of the warrant contains knowingly or recklessly false information. *See Leon*, 468 U.S. at 923, 104 S.Ct. 3405 ("Suppression remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false. . . ."). Similarly, "in cases where the magistrate wholly abandon[s] his judicial role," or when an affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," the good faith exception does not apply. *Id.*

Williams argues that the affidavit was misleading because it included the statement from Paul's daughter that suggested a gun was in the house. However, the daughter's statement was not false. To the contrary, the officers' search did reveal a gun in the master bedroom, which is exactly where the daughter suggested looking.

Williams also argues that the good faith exception should not apply because the affidavit was "bare bones." As we have just explained, the good faith exception does not apply when an affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923, 104 S.Ct. 3405. Here, however, the affidavit recounted the officers' response to the domestic violence call, and explained why the officers believed that evidence of domestic violence would be found inside Williams' home. Thus, the district court did not err in concluding that the *Leon* exception negated application of the exclusionary rule.

questions of law and fact." *United States v. Delfin–Colina*, 464 F.3d 392, 395–96 (3d Cir. 2006).

For the foregoing reasons, we will affirm the district court's order denying Williams' request to suppress evidence pursuant to the search warrants.